UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE GAINES and OLYMPIA MORRIS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SACRAMENTO COUNTY CHILD PROTECTIVE SERVICES AGENCY, an agency of the County of Sacramento; ANN EDWARDS, in her individual and professional capacities; SANDRA THOMPSON, in her individual and professional capacities; SHAUNTE DERRICK, in her individual and professional capacities; and SANTRICE DAVIS, in her individual and professional capacities,<br><br>　　　　　Defendants. | No. 2:12-cv-01450-GEB-EFB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 1988 AND SANCTIONS UNDER 28 U.S.C. § 1927, AND DENYING DEFENDANTS' BILL OF COSTS UNDER RULE 54(d)** |

　　　　Following entry of summary judgment in favor of Defendants, each Defendant filed a motion for an award of attorneys' fees under 42 U.S.C. § 1988 against Plaintiffs Jacqueline Gaines ("Jacqueline") and Olympia Morris ("Olympia"),

1

and for an order requiring Plaintiffs' attorneys to be liable for the attorneys' fee award as sanctions imposed under 28 U.S.C. § 1927.[1]  Each Defendant also seeks costs. Defendants argue:

> [they are] entitled to an award of attorneys' fees based on the fact that forcing Defendants to file a [m]otion for [s]ummary [j]udgment that Plaintiffs did not intend to oppose was unreasonable, frivolous, meritless, and vexatious and for Plaintiffs' counsel's subjective bad faith in continuing to pursue this lawsuit after it became clear that it was meritless.

(Mem. P. & A. Supp. Mot. Attorneys' Fees ("Mot.") 1:28-2:3, ECF No. 49-1.)

Plaintiffs oppose Defendants' requests for fees and costs, rejoining: "[Plaintiffs] did not oppose the [summary judgment motion] only because they lacked the funds to do so." (Pls.' Opp'n to Defs.' Mot. Attorneys' Fees ("Opp'n") 3:20-23, ECF No. 52.) Plaintiffs also argue in their opposition that their "inability to afford to pay any attorneys' fees or costs to the [D]efendants is manifest," (id. 4:18-19), as "[P]laintiffs are indigent." (Id. 16:22.) Further, Plaintiffs assert Olympia "has expressed suicidal ideation to her therapist, she eventually dropped out of the school she was attending, . . . she has now gone missing[, and h]er therapist has expressed grave concern for [her]." (Id. 10:4-7.) Plaintiffs also assert: Jacqueline "has suffered disc inflammation related to . . . stress and resulting severe back pain for which she has been required to undergo multiple surgeries[,] . . . has been confined to bed rest[,] . . . . and [is] living on a meager income." (Id. 10:13-18.)

---

[1] Defendant Santrice Davis filed a separate motion for attorneys' fees. Since both motions raise the same arguments, they are considered together.

2

Defendants did not respond to these assertions in their reply brief; therefore, these assertions are treated as being true. In light of each Plaintiff's unchallenged financial situation, each Plaintiff lacks the ability to pay attorneys' fees and costs, and is not required to do so under 42 U.S.C. § 1988 and Rule 54(d), respectively.

Further, although it is questionable why Plaintiffs' attorneys filed a motion to withdraw as counsel when Plaintiffs were faced with a dispositive summary judgment motion, Plaintiffs' argument that they lacked the financial resources to develop a more substantive litigation posture is not so lacking in credence that it exposes Plaintiffs' attorneys to sanctions under 28 U.S.C. § 1927.

For the stated reasons, each Defendant's motion is denied, and Defendants' Bill of Costs is also denied.

Dated: August 21, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge